1
2
3
4
5
6
7
8               **UNITED STATES DISTRICT COURT**

9              **SOUTHERN DISTRICT OF CALIFORNIA**

10

11   OMNI PHASE RESEARCH                          CASE NO. 10cv1624 DMS (RBB)
     LABORATORIES, INC.,
12
                                Plaintiff,
13
                    vs.                           **ORDER GRANTING**
14                                                **PLAINTIFF'S MOTION TO**
                                                  **REMAND**
15   EUGENE RZYSKI,
                                                  **[Docket No. 3]**
16                              Defendant.

17

18        This matter comes before the Court on Plaintiff's motion to remand this case to San Diego

19   Superior Court.  Defendant Eugene Rzyski filed an opposition to the motion, and Plaintiff filed a reply.

20   After a thorough review of the issues, the Court grants Plaintiff's motion.

21                                          **I.**

22                                     **BACKGROUND**

23        Plaintiff Omni Phase Research Laboratories, Inc. filed the present case against Defendant

24   Eugene Rzyski in San Diego Superior Court on May 29, 2009.  The Complaint alleges claims for breach

25   of settlement agreement, breach of confidentiality and non-disclosure agreement, trade libel and

26   intentional interference with prospective economic advantage.  Defendant filed an Answer to the

27   Complaint on August 11, 2009.

28   / / /

1    The case was scheduled to begin trial on October 15, 2010, but on August 4, 2010, Defendant

2    removed the case to this Court based on claims in a proposed cross-complaint presented to the state

3    court on August 3, 2010. (*See* Notice of Removal ¶ 2.)  Notably, the cross-complaint was never filed,

4    but instead was "Received."  (See Notice of Removal, Ex. 1.)

5    On August 18, 2010, Plaintiff's counsel sent a letter to Defendant's counsel setting out the

6    arguments raised in the present motion to remand, and asking Defendant to stipulate to remand the case.

7    Defendant's counsel did not respond.  Plaintiff thereafter filed the present motion.

8    **II.**

9    **DISCUSSION**

10   Plaintiff moves to remand this case to state court on the ground that the removal was improper.

11   Specifically, Plaintiff argues that removal cannot be based on claims in a cross-complaint.  Defendant

12   does not address this argument, but instead argues that the removal was based on the claims in the

13   Complaint.

14   It is well-settled that counterclaims do not provide a basis for removal.  *Takeda v. Northwestern*

15   *National Life Ins. Co.*, 765 F.2d 815, 822 (9th Cir. 1985); *Chase Manhattan Mortgage Corp. v. Smith*,

16   507 F.3d 910, 914-15 (6th Cir. 2007); *Metro Ford Truck Sales, Inc. v. Ford Motor Co.*, 145 F.3d 320,

17   326-27 (5th Cir. 1998).  Since Defendant's removal of this case was based on claims in his proposed

18   cross-complaint, the removal was improper.

19   Defendant now retreats from his Notice of Removal, and asserts that he removed this case based

20   on the claims in the Complaint.  However, Defendant did not assert this argument in his Notice of

21   Removal, and thus the Court declines to consider it here.[1]

22   **III.**

23   **CONCLUSION**

24   For these reasons, the Court grants Plaintiff's motion to remand.  The Court also finds that

25   Defendant "lacked an objectively reasonable basis for seeking removal[,]" *Martin v. Franklin Capital*

26   / / /

27   _____

28      [1] Even if the Court were to consider this argument, Defendant's removal would be untimely.
     *See* 28 U.S.C. § 1446(b).

1   *Corp.*, 546 U.S. 132, 141 (2005), and therefore awards Plaintiff attorneys fees in the amount of

2   $2,765.00.[2]

3       **IT IS SO ORDERED**.

4   DATED:  November 29, 2010

5   _____

6                               HON. DANA M. SABRAW
                                United States District Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27   [2] This amount is based on the seven hours counsel spent on the motion multiplied by counsel's
     hourly rate of $395.  (*See* Decl. of Edson McClellan in Supp. of Mot. ¶ 6.)  Counsel requested $5,925
28   based on time spent on the reply brief and at oral argument, however, the Court did not hear oral
     argument on this motion, and there is no evidence of the time actually spent on the reply brief.